# Willis *et al. v.* Searcy.

### *Bill in Equity to enforce Vendor's Lien.*

*Vendor's lien; when lost.* — If a purchaser of land, having received a deed from his vendor, but not having made complete payment of the purchase money, sells to a sub-purchaser, giving only a bond for title, and afterwards reconveys the land to his own vendor, in satisfaction of the unpaid balance of the original purchase money, his title bond to the sub-purchaser being obtained and returned to him by his vendor, he cannot assert, as against his own vendor, a lien on the land for the unpaid balance due to him from the sub-purchaser.

APPEAL from the Chancery Court of Dale.
Heard before the Hon. B. B. McCRAW.

WOODS & CARMICHAEL, SEALS & WOOD, for appellants.

J. A. CORBITT, and J. A. CLENDENIN, *contra.*

[Crump v. Battles.]

B. F. SAFFOLD, J. — The bill was filed by the appellee Searcy, to enforce a vendor's lien on the land described, for the payment of the note mentioned. The chancellor rendered a decree in his favor. The simple statement of the case is this: Searcy sold to Willis, giving bond for titles, and taking the note in question; Willis sold to Fussell, the latter indorsing the note, and Searcy making a bond for titles to him, taking up the one to Willis. Thus far, Searcy had a lien. But he was indebted to his vendor, Blackman, and settled with him, after the transactions recited, by conveying the land back to him, in satisfaction of the balance due on his purchase. Blackman then sold to Ellis, who was in possession at the commencement of the suit. There was no agreement or understanding, on the resale by Searcy to Blackman, that Searcy retained any interest in the land. His bargain appears to have been a complete surrender of all his right, title, and interest, in satisfaction of the balance of his indebtedness. It so appears, because nothing is shown to the contrary; and Blackman procured and returned to him his title bond, held by Fussell. Nobody claims to own the land except Ellis, through his purchase from Blackman. Blackman claims from Searcy by deed, having paid all of the purchase money.

If Searcy now has a vendor's lien on this land, then a person may buy land on a credit, sell it to another, pay his vendor by reconveying him the land, and afterwards subject it to sale for the debt of his vendee. This cannot be done. Searcy lost his lien by his contract of resale with Blackman. The equity of the case is not affected by the fact that, in ignorance of the law, Searcy and Blackman thought a simple return of the deed from the latter to the former was a sufficient conveyance, as the deed had not been recorded. It was sufficient, in equity, between the parties, the purchase money having been paid, and possession given. Since the commencement of the suit, a proper conveyance has been made.

The decree is reversed, and the cause remanded.